Baily v. Burgess.

SAMUEL L. BAILY, receiver,

*v.*

WILLIAM BURGESS.

1. Where two persons are interested in the promotion of an enterprise and one of them agrees to furnish money and the other to expend it for the common benefit, the latter is bound to account for his disbursements and is liable for that which has not been properly expended.

2. If, in the performance of his undertaking, he is guilty of negligence, to overcome which requires further disbursements, he is not entitled to retain such disbursements.

3. Under such circumstances the agent is responsible to the principal for his misconduct or negligence.

4. Where one of two or more persons engaged in establishing a business for the common welfare performs a particular part thereof, he is not entitled to compensation therefor without special agreement.

On final hearing on pleadings and proofs.

*Mr. George O. Vanderbilt* and *Mr. Woodbury D. Holt*, for the complainant.

*Mr. James Buchanan*, for the defendant.

BIRD, V. C.

In this case, it appears that one Andrew L. Rowland, Mr. Burgess, the defendant, and others were about forming a company for the manufacture of pottery ware under the name of the Artistic China Company, of which the complainant is receiver. While negotiations for that purpose were in progress, it became desirable to purchase the plant in which the Hope China Company were doing business. The title to the real estate in which the latter company was doing business was in the name of Samuel D. Hope, against which plant and real estate were certain mortgages and judgments. Mr. Burgess has been a long time in the pottery business and was thoroughly informed as to what was necessary to make a successful working plant, and had also informed himself as to the value of the Hope plant and the general nature and extent of the liens upon it. When the arrangements for the organization of the Artistic China Company were about completed, Mr. Burgess assured the other parties interested that the title to the Hope property and all the encumbrances, with one exception, could be procured for $5,000. After the company was organized, a resolution was passed by the board of directors, of which Mr. Burgess was one, that he should proceed to procure the title and satisfy the encumbrances as cheaply as possible. For this purpose Andrew L. Rowland advanced to Mr. Burgess $5,000.

Mr. Burgess is now called upon to account for the application of these moneys, and to pay over to the receiver of the complainant company any balance which he has remaining in his hands. I have heretofore decided that Mr. Burgess was acting as an agent in this matter, and was required to exercise the skill and judgment of a prudent man in the expenditure of this fund and to account upon that basis. The question now is, whether he is entitled to be credited with all of his disbursements, and to be charged with interest upon money still in hand and upon moneys in his hands a long period of time before they were disbursed in the payment of proper claims. His own showing admits in hand $422.45. To this should be added the item under date of May 2d, 1889, of $150, and the item of May 2d,

1889, of $181.91. To the sum total of these, interest should be added from the 1st day of April, 1887, to the date of the decree. This allows Mr. Burgess fully three months and a half to discharge all liens against these premises, which liens were, at the time he undertook to discharge them, due and pressing for payment. One claim of $317 he did not pay until the 2d day of June, 1889. Upon this he should be charged with interest from the 1st day of April, 1887, until the time of payment.

Mr. Burgess is charged with interest upon the balance of funds in his hands, because it was his duty to complete his undertaking in a reasonable time and at once to account to his principal. He is not allowed the items of $150 and $181.91, fees and costs paid to solicitors for the foreclosure of mortgages which were liens upon the premises, because no sufficient reason has appeared for incurring any such expense. It appears from his own statement that the amount due upon these mortgages was paid by him during the first month after he undertook the labor of discharging them and had received the money for that purpose. At the hearing, and upon the argument, the only excuse offered for these large outlays was the fact that, in securing the title to the Hope China Company plant for the Artistic China Company, Mr. Burgess had the title transferred to a person by the name of Arthur Roland instead of Alexander S. Rowland, when, in fact, there was no such person known as Arthur Roland. It appears that at the time he undertook to discharge these liens one of the mortgages held by David Shaw was being foreclosed. He took an assignment of this mortgage on the 13th day of December, 1886, and at the same time had the deed, above referred to, executed by Samuel D. Hope, the owner. Before anything was effectually done under said foreclosure proceedings by Mr. Burgess, Shaw died. On November the 20th, 1888, within a few days of two years after he took the assignment of the mortgage, and after the said deed was made, Mr. Burgess comes into this court by his petition, asking to have the said suit revived, in which petition he states, "that by inadvertence, ignorance and mistake the said deed was drawn in such a manner that although it was intended by the parties that

the said mortgaged premises should be conveyed to the said Alexander S. Rowland, yet, through a misnomer, his name was spelled 'Arthur Roland.'" This Alexander S. Rowland was in the employ of the company of which Mr. Burgess was at that time an active member. Through this Alexander many of the negotiations have been carried on by Mr. Burgess. It is plain, therefore, that it was not only an inadvertance, but a very gross blunder to accept this title. And what aggravates it is, that he should wait nearly two years before he attempts actively to correct it, when it might have been done at the instant when the deed was about to be delivered by taking a proper one from Samuel D. Hope. Surely, the charges consequent upon such blunder and such proceedings should not be charged to the principal. I understand the rule of law to be well settled, that an agent is chargeable with the consequences resulting from his own negligence. Story, in his work on Agency, section 17, says:

"That whenever an agent violates his duties or obligations to his principal, whether it be by exceeding his authority or by positive misconduct, or by mere negligence or omission in the proper functions of his agency, or in any other manner, and any loss or damage thereby falls on his principal, he is responsible therefor and bound to make a full indemnity."

I think he ought to be credited with the moneys paid for insurance, for the reason that the company had the benefit of the insurance.

I think he is not entitled to commissions by way of compensation for services, without a special agreement, for the reason that it was a mutual effort upon the part of the Rowlands and Burgess to organize a company. This was part of the work to that end. Mr. Rowland was to furnish the money and Mr. Burgess was to secure the title and discharge the liens, and the company, of which they were members, was to have the benefit thereof.

The complainant is entitled to costs.